IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLTECH ASSOCIATES INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 13-425-RGA |
| | : | |
| TELEDYNE INSTRUMENTS INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Plaintiff has filed an unopposed "Motion to Vacate Certain Claim Construction Rulings." (D.I. 155).

By way of background, Plaintiff sued Defendant claiming infringement of four patents. (D.I. 1). Defendant counterclaimed alleging Plaintiff infringed two of Defendant's patents. (D.I. 9). In due course, I construed various claim terms from both parties' patents. (D.I. 84).

The parties have now agreed to settle their differences. (D.I. 155 at 1). As part of the agreement, Plaintiff now seeks to "vacate" nine of the ten rulings I made on its patents. It says that my constructions, with which it disagrees, should be vacated because settlement precludes review of the constructions. The primary concern is that my claim construction might have a collateral estoppel effect the next time Plaintiff sues someone on these patents. Since no one opposes Plaintiff's motion, I do not have an adversarial development of the arguments. It seems, from what Plaintiff cites, that there are cases going both ways on the collateral estoppel effect. *Compare TM Patents, L.P. v. IBM Corp.*, 72 F.Supp.2d 370, 378 (S.D.N.Y. 1999), *with Kollmorgen Corp. v. Yaskawa Elec. Corp.*, 147 F.Supp.2d 464, 468 (W.D. Va. 2001).

*Kollmorgen Corp. v. Yaskawa Elec. Corp.*, 147 F.Supp.2d 464, 468 (W.D. Va. 2001).

Settlement of any civil litigation is usually a good outcome. So too in patent cases. If I were to vacate the claim construction, presumably that means it would still be accessible to the next judge to do claim construction on these patents. That judge would not have to decide whether collateral estoppel applied, and presumably would have my claim construction and reasoning for whatever persuasive effect, if any, they would have.

There is also the question of what effect vacation of orders might have in future cases. Would parties more carefully assess whether settlement was in their best interest before a claim construction hearing, knowing that they might not like the results of the claim construction hearing? *Cf. Cisco Systems, Inc. v. Telcordia Techs, Inc.*, 590 F.Supp.2d 828, 832 (E.D. Tx. 2008).

Assuming that the standard that applies is whether there are exceptional circumstances justifying vacating the claim construction order, *see id.* at 830, that standard has not been met. Essentially, as in the majority of patent suits, this case seems to have settled after I issued a claim construction order but before there would be a trial. The parties have not provided any other information, and thus I cannot judge how important vacating the claim construction is to the settlement. I assume if it were "make-or-break," counsel would have said so. Thus, the factors that might weigh in favor of granting the motion are not strongly stated. If they were, I might reach the same conclusion anyway, but in the absence of the representation that the case will be litigated to judgment if I do not vacate the claim construction,[1] these are routine circumstances,

---

[1] I interpret Plaintiff's statement that vacation would "facilitate settlement" (D.I. 155 at 5) as fairly stating the level of importance attached to the instant motion. In other words, the parties are probably going to settle regardless.

not exceptional circumstances.

    The motion (D.I. 155) is **DENIED**.

                                                            /s/ Richard G. Andrews
                                                     United States District Judge  2/12/15